**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNATHAN JONES also known as YN-Kovu,<br><br>Plaintiff,<br><br>v.<br><br>M.S.O. RUTLEDGE, et al.,<br><br>Defendants. | No. 26-5998 (EP) (AME)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Johnathan Jones, also known as YN-Kov, a pretrial detainee confined in the Bergen County Jail in Hackensack, New Jersey, filed a 42 U.S.C. § 1983 complaint against Defendants at the Ann Klein Forensic Center in Trenton, New Jersey, alleging excessive force, inadequate medical care, cruel and unusual punishment, retaliation, deliberate indifference, conspiracy, and destruction of evidence in violation of the New Jersey Civil Rights Act ("NJCRA"), N.J. Stat. Ann. § 10:6-1 *et seq.* D.E. 1 ("Complaint" or "Compl.") at 5–8.

There is a $350 filing fee and $55 administrative fee for filing a civil action in the District of New Jersey. 28 U.S.C. § 1914(a)–(b). Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ R.5.l(f).

Local Civil Rule 5.1(f) states, "[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing

thereof shall be marked 'received' and the date and time of receipt shall be noted thereon." If, however, a plaintiff is unable to afford the filing fee, he may alternatively submit an application to proceed *in forma pauperis* ("IFP application") under 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(a)–(2):

> ... any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not pay the filing and administrative fees, nor has Plaintiff submitted an application to proceed *in forma pauperis*. The Clerk has marked the Complaint "received" and the date and time of receipt has been noted thereon.

Accordingly, the Court will direct the Clerk to administratively terminate this matter, subject to reopening if Plaintiff timely submits the filing and administrative fees or a complete IFP Application to proceed without prepayment of the filing fee.

**IT IS**, on this 6th day of November 2026,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this matter for failure to pay the filing and administrative fees or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a); and it is further

**ORDERED** that the Clerk shall send Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" DNJ-Pro Se-007-A-(Rev.12/2023); and it is further

**ORDERED** that if Plaintiff submits the filing and administrative fees, or a complete IFP Application, including the certified six-month trust account statement, within **45 days** of the date of entry of this Order, the Court will direct the Clerk to reopen this matter; and it is finally

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular mail.

Evelyn Padin, U.S.D.J.